UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**10 CA 10402 RGS**

Civil Action No.:

| | |
|---|---|
| MAXINE HUTCHINSON, )<br>Plaintiff )<br> )<br>v. )<br> )<br>SOUTH STAR FUNDING, )<br>TAISHA CRAYTON, )<br>AMERCAN HOME MORTGAGE, )<br>HSBC MORTGAGE SERVICES, )<br>ANNA DANCY FOSTER, )<br>Defendants )<br> ) | **VERIFIED COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>MAGISTRATE JUDGE Collings |

U.S. DISTRICT COURT
DISTRICT OF MASS.
2010 MAR -8 P 12: 24
FILED
IN CLERKS OFFICE

## I. INTRODUCTION

1. Each year, predatory lending extracts billions of dollars of wealth from low-income communities, depriving homeowners of their hard earned equity and vitiating the promise of financial security that is the cornerstone of homeownership. Predatory lenders target the equity, and ultimately the homes, of vulnerable homeowners by extending unaffordable loans packed with excessive fees and interest rates.

2. In recent years, predatory lenders have aggressively marketed an array of "exotic" or "non-traditional" loans to vulnerable homeowners. Many of these loans carry deceptively and abusive terms, which obscure the true cost of the loan. By qualifying the borrower for these loans, despite the borrower's inability to make future payments, lenders almost guarantee that the borrower will default on the loan.

(1)

Predatory lenders fuel this process by rewarding mortgage brokers with an incentive structure that pays the broker more through the yield spread premium("YSP") for steering consumers into loans with higher interest rates than they qualify for less favorable terms such as prepayment penalties. Lenders are also rewarded through higher interest rates making so-called stated income loans--loans where the borrowers income is not verified through traditional documentation of income--even where documentation is, in fact, available. Thus, it is not surprising that the proliferation of predatory loans in the subprime mortgage market is one of the primary of the nationwide foreclosure epidemic.

3. Maxine Hutchinson is a South Boston homeowner who has had her home foreclosed upon as a result of intricate techniques employed by the defendants listed in this complaint.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C.1331 and 1343.

5. This Court has supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 (b) because a substantial portion of the events giving rise to this complaint occurred within the District of Massachusetts.

## III. PARTIES

7. Maxine Hutchinson is the plaintiff in this complaint. She currently resides in her foreclosed home located at 151 Dorchester Street, South Boston, Massachusetts 02127 (the "subject property").

8. Defendant Southstar Funding, LLC, located at 400 Northridge Road, Suite 1000, Atlanta, Georgia 30350, conducting business in the district of Massachusetts in the United States of America.

9. Defendant Taisha Crayton, was the interviewer that processed Maxine Hutchinson's Uniform Residential Loan Application employed by American Home Mortgage at 300 Congress Street, Suite 305, Quincy, Massachusetts 02169 in the district of Massachusetts in the United States of America.

10. Defendant American Home Mortgage, place of business at 300 Congress Street, Suite 305, Quincy, Massachusetts 02169 in the district of Massachusetts in the United States of America.

11. Defendant HSBC Mortgage Services at P.O.Box 9068, Brandon, Florida 33509 services Maxine Hutchinson's loan and does business in the district of Massachusetts in the United States of America.

12. Defendant Anna Dancy Foster of Ten Malcom X Boulavard, Boston, is an -attorney retained by Maxine Hutchinson to represent the loan closing on the "subject property" doing business in the district of Massachusetts in the United States of America.

## IV. STATEMENT OF FACTS

13. In November 2006, Real Estate Broker Pamela Coakley showed the plaintiff Maxine Hutchinson the "subject property" then owned by MGM Properties of Boston, Massachusetts, where Maxine Hutchinson made an offer to purchase and deposited one-thousand dollars.

14. Pamela Coakley referred the plaintiff to defendant American Home Mortgage for financing to purchase 151 Dorchester Street, South Boston, Massachusetts ("the subject property"), and defendant attorney Anna Dancy Foster for legal representation concerning the loan application process.

15. Defendant Taisha Crayton of American Home Mortgage received all information, and drafted all three (3) of the plaintiff's Uniform Residential Loan Applications. (please see attached hereto exhibits 1,2,and 3.).

16. The Uniform Residential Loan Applications and all documentation the plaintiff signed was done without proper inspection an with the trust of attorney Anna Dancy Foster which Maxine Hutchinson later learned to be grossly manipulated to have the loan approved.

17. All three (3) of the Uniform Residential Loan Applications list on page 2 in the "Monthly Income and Combined Housing Expense Information Section" that Maxine Hutchinson's monthly income was $13,063.49, where this is not true. In this same section $4,824.37 was inserted as "other income" when Ms. Hutchinson had no other income, especially a $4,824.37, other than her employment income of the correctly listed $8,239.12.

(4)

18. This gross inflation of income (the "4,824.37"), was used to gaurantee this loan to receive approval and instantly place Ms. Hutchinson in an imminent future default position.

19. On page 3 of 4 on exhibits 1,2,and 3 (the "Uniform Residential Loan Applications") in the "Details of Transaction" section all three show arbitrarily inserted amounts of dollar figures in sections e,f,i, and p.

20. There are found to be Two (2) "Truth-In-Lending Disclosure Statements" (please see exhibits 4and 5, attached hereto) where the interest on Ms. Hutchinson's loan is a varied stated 11.7830 % to a 11.8002 %. Also, the "finance charge" and "amount financed" sections troublingly varies also.

21. A few weeks after the loan closing in December 2006, Ms. Huthchinson was very troubled with the entire loan process to where Ms. Hutchinson placed several calls to her then closing attorney Anna Dancy Foster to receive understanding and assistance with the incorrect information in the loan documents after desperately trying to understand the loan on her own, where Ms. Hutchinson's calls were not returned.

22. Also a few weeks residing in the "subject property", Ms. Hutchinson was finding all sorts of areas in the house that where in disrepair.

23. Frustrated and overwhelmed, Ms. Hutchinson made several calls to American Home Mortgage for much needed help with understanding the loan and possible remedies to repair the many problems with the electrical wiring, plumbing, ceiling and floor problems, to where she was directed from American Home Mortgage to the then servicer HSBC Mortgage Services.

24. Ms. Hutchinson unable to literally get a live representative on the telephone at HSBC, she then asked a friend Scott Myers to assist her with communicating with HSBC about the foregoing matters concerning the loan. Mr. Myers several times requested rescission of the loan and in the alternative modification of the terms of the loan. (please see exhibit 6 attached hereto). None of his requests where ever responded to.

25. On or about November 2007, Ms. Hutchinson trying to bring her loan current sent in a mortgage payment. This mortgage payment was returned for reasons unbeknownst to Ms. Hutchinson. (please see exhibit 7 attached hereto).

26. Ms. Hutchinson was layed off from one of her two jobs loosing half of her income. Ms. Hutchinson again resumed attempts in communicating with HSBC to where she then learned of a upcoming foreclosure.

27. Ms. Hutchinson with hopes of remaining in her residence contacted several loan companies for financing to possible bring the loan current with negative results. In the process of applying for these loans Ms. Hutchinson had an appraisal done of the "subject property" (please see exhibit 8 attached hereto), although Ms. Hutchinson purchased her home for on or about $475,000.00, the appraisal was a shockingly $165,000 to $170,00.

28. Ms. Hutchinson is currently in the Boston Division of the Housing Court Department facing eviction (please see exhibit 9 attached hereto) for the multiple law violations of the defendants.

## FIRST CAUSE OF ACTION- TRUTH IN LENDING ACT

(Against American Home Mortgage, Southstar Funding, and HSBC Mortgage Services)

29. Plaintiff repeats and realleges paragraphs 1 through 28 as set forth herein.

30. At the time of the subject transaction, defendant American Home Mortgage acted as a creditor who regularly engage in the making of mortgage loans, payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. Accordingly, defendant is the subject to the Truth in Lending Act ("TILA") 15 U.S.C.1601 et seq., and its implementing regulations, Federal Reserve Board Regulation Z, 123 C.F.R. 226.

31. As a result of the subject transaction, defendants aquired an interest in plaintiff's primary dwelling that secures payment or performance of an obligation.

32. On information and belief, in the course of this consumer credit transaction, because of conflicting representations, defendants failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. 1632 (a) and Regulation Z 226.17 (a) and therefore failed to deliver all "material" disclosures as required by the Act and Regulation Z , including the following:

a. failing to disclose properly and accurately the "amount financed", in violation of 15 U.S.C. 1638 (a)(2) and C.F.R. 226.18;

b. failing to disclose properly and accurately the "finance charge," in violation of 15 U.S.C. 1638 (a)(3) and 12 C.F.R. 226.18;

(7)

c. failing to disclose properly and accurately the "annual percentage rate," in violation of 15 U.S.C. 1638 (a)(4) and 12 C.F.R. 226.18;

d. failing to disclose properly an accurately the "total of payments," in violation of 15 U.S.C. 1638 (a)(5) and 12 C.F.R. 226.18 (h); and

e. failing to disclose accurately and properly the number, amount and due dates or period of payments scheduled to repay the obligation, in violation of 15 U.S.C. 1638 (a)(6) and 12 C.F.R. 226.226 18(g).

33. The TILA violations described at paragraphs 30 and 31 give plaintiff an aetended right to rescind the loan held by the defendants pursuant to 15 U.S.C 1635 and 12 C.F.R. 226.23. Plaintiff is also entitled to an extended right of rescission against any assignees of the loan pursuant to 15 U.S.C. 1641 (c).

34. On or about December 2006, the plaintiff rescinded the transaction by calling attorney Anna Dancy Foster, an agent of American Home Mortgage, and called American Home Mortgage. The plaintiff made several calls to rescind the transaction although not familiar with the law, Ms. Hutchinson thought that she could end the loan by calling American Home Mortgage.

35. Any assignees of the loan are liable for all the above claims that Ms. Hutchinson asserts against HSBC pursuant to 15 U.S.C. 1641 (d).

36. On information and belief, the defendants also violated the disclosure requirements of TILA and Regulation Z by failing to provide either an itemization of the amount financed, a qualified substitution for the itemization of the amount financed, or a statement that Ms. Hutchinson had a right to request such an itemization, in violation of 15 U.S.C. 1638(a)(2)(B) and 12 C.F.R. 226.18(c).

37. As a result of the aforesaid violations of TILA and Regulation Z, American Home Mortgage and HSBC and any assignees are liable to the plaintiff for:

a. the return of any money or property that has been given to anyone in connection with the transaction and the termination of the defendants security interest in the property;

b. actual damages in the amount to be determined at trial;

c. statutory damages provided by 15 U.S.C. 1640;

d. costs and disburstments;

e. attorney fees.

SECOND CAUSE OF ACTION VIOLATION OF HOEPA

(Against American Home Mortgage, Southstar Funding, and HSBC)

38. Plaintiff repeats and realleges paragraphs 1 through 36 as set forth herein.

39. The Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. 1639, is an amendment to TILA and offers further protections for high rate mortgages, as defined by 15 U.S.C. 1602 (aa)(1)(B)(i), Federal Reserve Board Regulation Z, 12 C.F.R. 226.32.

40. A mortgage that is a credit transaction secured by the consumer's principle dwelling and whose "total point and fees" exceed eight percent of the total loan amount is a high rate mortgage within the meaning of HOEPA. 15 U.S.C. 1602 (aa)(1)(B)(i).

41. The subject consumer credit transaction between Ms. Hutchinson and American Home Mortgage was secured by Ms. Hutchinson's principle dwelling.

42. On information and belief, the subject loan transaction between Ms. Hutchinson and American Home Mortgage is subject to HOEPA because, among other things, the total points and fees payable by Ms. Hutchinson exceeded eight percent of the total loan amount.

43. American Home Mortgage violated HOEPA and Regulation Z by:

a. failing to provide Ms. Hutchinson with the disclosures required under HOEPA at least three business days prior to the consummation of the transaction, in violation of 15 U.S.C. 1639(a) and (b) and 12 C.F.R. 226.32(c);

b. providing Ms. Hutchinson with a loan that contains a prepayment penalty, in violation of 15 U.S.C. 1639 (c) and 12 C.F.R. 226.32(d)(6);

(10)

c. providing Ms. Hutchinson with a loan that contains negative amortization terms, in violation of 15 U.S.C. 1639 (f) and 12 C.F.R. 226.32 (d)(2); and

d. extending credit without reguard to Ms. Hutchinson's ability to pay the debt, in violation of 15 U.S.C. 1639 (h) and C.F.R. 226.34 (a)(4).

44. American Home Mortgage violations lof HOEPA and Regulation Z give Ms. Hutchinson a statutory right to rescind the American Home Mortgage loan pursuant to 15 U.S.C. 1635 and 1639 (j) and 12 C.F.R. 226.23.

45. Any assignees of the loan are liable for all the claims that Ms. Hutchinson asserts against American Home Mortgage pursuant to 15 U.S.C. 1641 (d).

46. As a result of the aforesaid violations of HOEPA and Regulation Z, American Home Mortgage and any assignees are liable to the plaintiff for:

a. rescission of the mortgage loan transaction, termination of any interest created under the transaction, and return of any money or property given by American Home Mortgage to anyone in connection to this transaction;

b. actual damages in the amount to be determined at trial;

c. statutory damages as provided by 15 U.S.C. 1640;

d. costs and disburstments; and

e. attorney fees.

## THIRD CAUSE OF ACTION FRAUD

(Against Anna Dancy Foster and Taisha Crayton)

47. Plaintiff repeats and realleges paragraphs 1 through 45 as set forth herein.

48. Defendant s fraudulently, intentionally, and knowingly induced Ms. Hutchinson to enter into the subject mortgage transaction by misrepresenting and/or failing to provide material information, including the following:

a. misrepresenting that the annual interest rate on the subject mortgage was 10.5 % for one year;

b. misrepresenting to Ms. Hutchinson that she could easily refinance to a drastically lower interest rate after one year, when in fact doing would cause her to incur a prepayment penalty;

c. misrepresenting to Ms. Hutchinson that American Home Mortgage would be the original lender;

d. misrepresenting to Ms. Hutchinson that the fees payable from the proceeds of the mortgage were bona fide and reasonable and necessary for the extention of credit;

e. misrepresenting to Ms. Hutchinson that her legal representation was adequate;

f. misrepresenting to Ms. Hutchinson that the subject loan would provide her a benefit; and

g. misrepresenting to Ms. Hutchinson that she could afford the subject loan.

(12)

49. Ms. Hutchinson suffered injury as the proximate result of her reliance on the defendants' intentional misrepresentations and failures to disclose.

50. As a result of the aforesaid fraud, the mortgage loan transaction should be declared void, and the security interest created under the transaction should be terminated. In addition the, defendants are liable to Ms. Hutchinson for:

a. actual damages;

b. punitive damages;

c. costs and disburstments; and

d. attorney fees.

### FOURTH CAUSE OF ACTION VIOLATION OF RESPA

(Against American Mortgage, Southstar Funding, and Anna Dancy Foster)

51. The plaintiff repeats and realleges paragraphs 1 through 49 as set herein.

52. The American Home Mortgage is a "federally related mortgage loan" as defined in 12 U.S.C. 2602 (1), and therefore is subject to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq.

(13)

53. Defendants American Home Mortgage violated RESPA with respect to plaintiff's loan transaction by: (a) giving or accepting kickbacks or other things of value in violation of 12 U.S.C. 2607 (a) and 24 C.F.R. 3500.14 (b); and (b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. 2607 (b) and 24 C.F.R. 3500.14 (c).

54. Among other things, no goods or facilities were furnished, nor were any services performed in exchange for the $12,853 listed as "cash from/to borrower listed on the plaintiff's Uniform Residential Loan Application. (See exhibit 1.). Furthermore, even if goods, facilities or services were provided, their value was not related to the payments.

55. Therefore, American Home Mortgage and Southstar Funding are liable to Ms. Hutchinson for:

a. actual damages, trebled under 12 U.S.C. 2607 (d)(2);

b. costs and disburstments; and

c. attorney fees.

FIFTH CAUSE OF ACTION CIVIL CONSPIRACY TO COMMIT FRAUD

(Against American Home Mortgage, Southstar Funding, and Anna Dancy Foster)

56. Plaintiff repeats and realleges paragraphs 1 through 54 as set forth herein.

57. Defendants knowingly entered into an agreement to fraudulently induce Ms. Hutchinson to enter into the subject mortgage.

58. Defendants intentionally, knowingly and willfully participated in this scheme by committing overt acts and making misrepresentations and /or failing to provide material information, in furtherance of the agreement, included but not limited to those representations set forth in 47 above.

59. Through there unlawful conduct constituting civil conspiracy to defraud a vulnerable, less mortgage savvy homeowner, defendant s acted in a malicious, willful, wanton, and oppressive fashion, in reckless disreguard of Ms. Hutchinson's rights.

60. Ms. Hutchinson suffered serious injury as the proximate result of her reliance on defendants representations and omissions.

61. As a result of the aforesaid conspiracy to commit fraud, the mortgage transaction should be declared void, and the security interest created under the transaction should be terminated. In addition , defendants are liable to Ms. Hutchinson for:

a. actual damages;

b. punitive damages;

c. costs and disburstment; and

d. attorney fees.

PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, plaintiff Maxine Hutchinson respectfully requests that this Court:

a. Rescind the underlying mortgage loan transaction and terminate any security interest in the plaintiff's property created under the transaction;
b. Enjoin enforcement of the mortgage and note and declare the mortgage and note unenforceable;
c. Award actual damages in an amount to be determined at trial;
d. Award statutory damages;
e. Award punitive damages in an amount to be determined at trial;
f. Award liqudated damages;
g. Award attorney fees;
h. Award reasonable costs of this action;
i. Enjoin the defendants from evicting Ms. Hutchinson from her residence on January 2, 2010.
j. Award such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*Maxine Hutchinson* (signature)

Maxine Hutchinson

151 Dorchester Street

South Boston, MA 02127

617.955.3145
